Good morning. I'm Alistair Newburn. I teach the Appellate Litigation Clinic at Vanderbilt Law School, and I am appointed Counsel of Record for Appellant Kelly Powell. With the Court's permission, argument today will be made by Veronica Gordon, who is a third-year law student. She has been certified under this Court's Rule 46D for student practice. Okay. Thank you. Thank you. May I reserve two minutes for rebuttal? You may, and you may proceed. May it please the Court. Kelly Powell was sentenced to 10 to 20 years in prison for being found hiding in the basement of a burned, condemned house. This was the result of the ineffective assistance of trial counsel. Trial counsel allowed an inculpatory, un-Mirandi statement to be admitted into evidence and allowed the trial court to rely on a jury instruction that mandated that the jury ignore the defense's evidence and alleviated the prosecution's burden of proving every element beyond a reasonable doubt. This trial resulted in the grossly disproportionate sentence of 10 to 20 years for a non-violent crime. These errors were also compounded by appellate counsel's failure to raise the ineffective assistance of trial counsel claim on appeal. Trial counsel's first error was in allowing an inculpatory, un-Mirandi statement to be admitted into evidence. Officer Wood testified at the pre-trial examination that after Mr. Powell had been arrested and after being subject to expressed questioning that he allegedly stated that he was just removing scrap from the house. Trial counsel recognized the error, objected the pre-trial examination, however, failed to develop the record as to that point, failed to move to suppress the statement, and failed to object at trial when Officer Wood testified as to that alleged statement. This inculpatory statement prejudiced Mr. Powell because it allowed the prosecution to rely almost entirely on this inculpatory statement in its closing argument as well as in its opening statements and throughout the trial. Prosecution argued that this was Mr. Powell admitting that he had the intent to commit larceny, that this was the crucial piece of evidence, and that all of the other evidence was frankly irrelevant as they point to the intent to commit larceny. And the deficiency in Mr. Powell's trial counsel was in failing to recognize this error and pursue it further prior to trial as well as during trial. Trial counsel's second failure was in failing to pursue the erroneous jury instruction issue in that the trial counsel recognized that the habitability of the home was a relevant factor, however, did not object to the jury instruction, did not provide competing jury instructions, did not provide relevant case law. The case law that was provided was actually going to the same erroneous distinction that the People v. Trailer case the prosecution relied on. Go ahead and say something here. Hello. Bars are moving. Okay. Okay, we're good. While you're pausing there, let me ask you a question. Judge Clay had a question, I think. Oh, I'm sorry. That's all right. You were sort of segueing into this harmless error argument, and I was simply going to ask you, isn't there a difference between harmless error and the whole issue of whether there was prejudice to your client? For example, with respect to the statement, even if the statement should not have come in, if your client wasn't there ample direct and circumstantial evidence that your client likely would have been convicted in any event, he's found hiding in the freezer in the home, and the scrap metal has been ripped out and has been put there by someone, and he's the only someone in the house at the time. So what about the prejudice issue? If you can't show that an inadmissible statement, for example, would have precluded your client's conviction, there wouldn't have been any reversible error here anyway, especially under the EPIS standard. What would you say about that? This was the most inculpatory statement that the jury could have heard. The prosecution placed this statement within the spectrum of the other evidence that was presented, and the other evidence was weaker circumstantial evidence. And so the prejudice caused, Mr. Powell, was that the prosecution relied almost entirely on this. The question of whether it was harmless error when this court must review this statement in the spectrum of the other evidence that was presented, and this was the most inculpatory statement that the jury could have heard, and the other evidence was weaker circumstantial at best. And I think Judge Bertelsman has a question. When you say the court erred in its definition of a habitable dwelling, saying that the test was the owner intended to return, what would you say the correct instruction should have been? That there are a myriad of factors that are considered when determining whether the dwelling element of the home invasion statute is met, one of which is the intent for the homeowner to return, another of which is whether the home is habitable or not. In their circumstance, the jury was mandated to ignore all the defense's evidence that the home was burned down, that it was condemned, there's a condemnation notice, all the evidence that was presented by the defense. And instead, they were told that the intent for the homeowner to return was dispositive. Okay, and is that Michigan law? I've been a week or so since I read the briefs, but it seemed like the Michigan law was the intent of the owner to return, if they were from whatever state it was. Michigan law was clear at the time of Mr. Powell's conviction that the habitability of the home was a relevant factor under the home invasion statute. The relevant cases for that are the Falkenberg and the Reeves case, which were both apparent at the time of the trial. And both of those cases state that the habitability of the home is one of the relevant factors that must be considered. So trial counsel fails to provide competing jury instructions and also relevant case law. The case law that was presented by trial counsel as to the dwelling element focused on what the People v. Trailer case focused on, which the prosecution provided, which was the distinction between an occupied dwelling and an unoccupied dwelling, which is relevant under the breaking and entering statute, but not under the home invasion statute. Ms. Gordon, one thing you haven't discussed really is how the AEDPA impacts some of the arguments you're making. These are not arguments, obviously, on direct appeal. These are arguments that come to us on federal habeas appeal and issues of procedural default and deference predominate when we're dealing with these kinds of issues. And why are at least some of these issues defaulted as to, I guess, the failure to object to the improper jury instruction, and then as to ineffective assistance of trial counsel, there's really double deference, as the courts have described it, in terms of how we examine the strategy and conduct of a trial attorney. So how does AEDPA impact your arguments? We asked this court to review this case de novo because it was not reviewed by the state court under federal law. And so if a state court confines its analysis to state law, then the AEDPA deference does not apply. But if this court finds that AEDPA does apply, then none of the claims that are being raised at this point are procedurally defaulted. As to the ineffective assistance of trial counsel claim, the Michigan Court of Appeals did not make a procedural decision as to the ineffective assistance of trial counsel claim. And even if it were procedurally defaulted, then the ineffective assistance of appellate counsel in failing to raise the ineffective assistance of trial counsel is the cause and prejudice for that failure. These errors were compounded by, again, appellate counsel's failure to raise the ineffective assistance of trial counsel claim on appeal. Mr. Powell asked him to raise the ineffective assistance of trial counsel claim on appeal, and he refused to do so, which left Mr. Powell to raise these issues in the best way he knew how, in general terms, which allowed the Michigan Court of Appeals to deny his claims in a cursory opinion. This was not a winnowing down of arguments. The ineffective assistance of trial counsel claim was stronger than the claims that were made on appeal and would have strengthened the claims that were made on appeal. The errors were apparent on the record. The objective errors of the trial counsel's failure to object to the inculpatory unmirandized statement was visible on the record, given the fact that trial counsel did object but failed to pursue that objection. And as to the erroneous jury instruction, it was evident on the record that all of the defense counsel's evidence was made irrelevant by this jury instruction that mandated that they ignore the habitability of the home. In terms of the unmirandized statement, did Mr. Powell have a couple of different versions of what happened? Did he say at some point that the statement was involuntary and some other point said the statement... But he never made the statement. So maybe there's good reason for the attorney, strategically speaking, not to raise that as an issue in court if his client has got contradictory statements, if I'm correct in terms of my assessment. There's no evidence on the record that this was a strategic decision. Given the information that was available to the trial attorney at the pretrial examination, knowing that Mr. Powell was under arrest, subject to express questioning, that those two facts trigger a custodial interrogation under Miranda and that Miranda warnings should have been given. And so there is no evidence that this was a strategic decision. It was not used to his benefit. The jury heard this statement. Does that really matter that there's nothing on the record when the Supreme Court has said that If we can imagine the reason that the state court has made a determination that it doesn't have to be apparent on the record. Yes, but under looking to the Tice case, the Fourth Circuit, there was a case that was similar where there was it was apparent on the record that there was a Miranda violation that took place and there was no reason to not move to suppress the statement. In this case, the jury heard the statement. So it's irrelevant whether the statement was allegedly made or not made. It's that the jury heard Officer Wood testify as to that fact. And Officer Wood's testimony was the only testimony that stated that Mr. Powell allegedly made this statement. The ineffective assistance of appellate counsel, appellate counsel should have realized that this was apparent on the record and that the facts of a Miranda violation were clear. And the ineffective assistance of trial counsel claim would have also strengthened the claims that were made on appeal. Appellate counsel focused on the factual determinations that the jury had deliberated on, especially as to the Miranda violation question. It focused on the weaker evidence, on the availability of other evidence, and put the inculpatory statement in the same platform as the other evidence. When, in fact, if he would have focused on the ineffective assistance of trial counsel, he would have focused in on the legal errors that were made at trial. And this caused Mr. Powell prejudice again because he was forced to raise a pro se, which allowed the Michigan Court of Appeals to deny his claims. This trial also resulted in a... Sorry, my time's up. Yeah, your initial time has expired, but you will have your full rebuttal. Thank you. Good morning, Your Honors. Good morning. May it please the Court, Jennifer Clark, Assistant Attorney General, on behalf of the respondent appellee. I would like to focus on a few issues this morning, in particular the sufficiency of the evidence and the ineffective assistance of counsel claims. The State Appellate Court adjudicated the merits of Powell's sufficiency of the evidence he claimed. Therefore, as this Court has observed, EDPA does apply to this determination. Therefore, two levels of deference apply, first under Jackson v. Virginia and second under EDPA itself. To the extent this claim asserts that the State Court interpretation of its law, here the second degree home invasion statute and its definition of dwelling, was incorrect, it does not present a claim that is cognizable on habeas review. Therefore, the District Court correctly remarked that the interpretation of the statute is not subject to challenge on habeas review. Further, the jury instruction claim that has been presented to this Court was not fairly presented to the State Courts or, for that matter, the District Court, and therefore is procedurally defaulted as inexhaustible. The claim below was presented as purely a sufficiency of the evidence claim. That claim is entitled to deference. However, appellant's proposed jury instruction does not comport with State law. As the Michigan Court of Appeals determined on direct review, the habitability of the structure at the time of the breaking and entering is not germane. The Michigan Court of Appeals stated, in light of the definition of a dwelling in the statute and in light of the guidance derived from this Court's decision and trailer, we conclude that the intent of the inhabitant to use the structure as a place of abode is the primary factor in determining whether it constitutes a dwelling. Neither the owner's temporary absence, the duration of the absence, nor the structure's habitability will automatically preclude a structure from being considered a dwelling for purposes of the home invasion statute. Further, the prosecution does not have to rule out every argument except for guilt. Here, petitioner was caught hiding in the house where pipes had recently been removed, and he said, yes, that he was collecting scrap from the house. However, the circumstantial evidence surrounding him was very compelling and strong. Therefore, as this Court has observed, even taking away the statement that he made, which was admissible and was voluntary, there was sufficient evidence supporting his conviction. In relation to his claim of ineffective assistance of counsel at trial, it should be noted that before trial, counsel argued against the instruction that the prosecution proposed for the court to read to the jury. Therefore, further objection later on would have been futile, and counsel is not required to make futile arguments. This Court must indulge every presumption in favor of trial strategy, which counsel should be presumed to have been acting. Further, the petitioner cannot show prejudice in light of the strong evidence against him. He cannot show a reasonable probability that but for counsel's error, even if there were one which we contend there was not, the result of the proceeding would have been different. That cannot be said in this case. In short, the Court's decision below should be given ad pediferance. The District Court correctly determined that habeas relief was not appropriate under these circumstances, and therefore I would ask that the Court affirm the District Court's decision. And if there are any questions, I'd be happy to address them at this time. Apparently not. Thank you, Mr. Mark. A few points, Your Honors. The substance of the jury instruction has been raised at every point of the litigation. It is part and parcel of the sufficiency of the evidence claim that was raised on direct appeal. And secondly, the prejudice of the inculpatory statement was that the prosecutor said that it was the one piece of evidence that was frankly dispositive and that all the other evidence was frankly irrelevant. And that this Court does not have to make assumptions on the record, like in the recently decided Burt v. Titlow case the Supreme Court recently reviewed. The record is clear that there was a Miranda violation when Mr. Powell was under arrest and subject to express custody. And even if this Court does not review this case, DeNovo under AEDPA, the Michigan Court's decisions were objectively unreasonable applications of federal law. Thank you. Okay. Thank you, Counsel, for your arguments today. We certainly would like to thank you, Ms. Newbern, as I guess your court-appointed CJA Counsel, and the Court very much appreciates you taking the case on that basis. It's a service, obviously, to Mr. Powell and to the system at large, and we appreciate that. Ms. Gordon, we appreciate your argument today. My experience has been when students argue who have been involved in sort of the appellate practice programs at law schools, that you're extremely well-prepared. You probably have had multiple moot courts and mock arguments, things of that nature. So just speaking for myself, I thought you did a very thorough job in preparation and presenting arguments on behalf of your clients. So thank you for coming, and hopefully when you graduate, you'll argue before us. And Ms. Clark, you did a great job on behalf of the ward and government, so we thank you as well. So very well argued by both sides. We appreciate the arguments, and the case will be submitted. So thank you. Thank you.